### Fitzgerald v. Chipman.

(Decided May 25, 1923.)

## Appeal from Allen Circuit Court.

1. Brokers—Failure to Procure License Does Not Defeat Recovery for Surrender of Interest in Joint Adventure.—The right of one who was engaged in business as a real estate broker to recover the amount which defendant agreed to pay him for his interest in a joint adventure in the purchase of oil leases is not affected by the broker's failure to obtain a license to carry on the business of a real estate broker as required by Ky. Stats., section 4224.

2. Joint Adventures—Evidence Held to Sustain Finding of Agreement to Pay Plaintiff for Surrender of Rights.—Evidence held to sustain a finding that plaintiff and defendant entered into a joint adventure for the purchase of oil leases, and that subsequently defendant agreed to pay plaintiff a stated sum for the surrender of his rights in the joint adventure, notwithstanding defendant's claim that plaintiff was acting as agent for the vendor of the leases.

3. Joint Adventures—Plaintiff Held not Entitled to Lien on Leases for Purchase Price of Rights Thereunder.—Where plaintiff had agreed to surrender all his rights under a joint adventure with

defendant in oil leases for a stipulated sum, he is not entitled to have a judgment for the recovery of that sum made a lien upon the leases.

HERDMAN & ROPER for appellant.

HARPER & DENTON for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing

F. J. Chipman filed this suit in the Allen circuit court, alleging that he purchased some oil leases in Allen county for defendant, J. P. Fitzgerald, under an arrangement by which they were to share equally in the profits of the transaction, and that later he released to defendant his interest in the prospective profits in consideration of defendant's promise to pay him $1,200.00 and reimburse him for expenses incurred in making the purchases. He asked for a judgment against defendant for $1,220.00, to be adjudged a lien on the leases to satisfy any judgment recovered, and also for an order of general attachment. Defendant denied that the transaction was a joint venture, or that he had ever agreed to pay plaintiff for consummating it, and alleged that plaintiff made the trade as the agent of the vendor. The latter defense was traversed, and on the issues made a judgment for $1,220.00 was rendered on behalf of plaintiff, which amount was adjudged a lien on the leases. From that judgment Fitzgerald has appealed.

The first contention of appellant is that, assuming there was a contract between the parties as to the $1,200.-00 and expenses incurred, it is void because appellee's business was that of a real estate broker and he had not obtained a license to carry on that business, as required by section 4224 of Kentucky Statutes. Baskett v. Jones, 189 Ky. 391, and other authorities are relied on to sustain the position. In our view of the character of this action, it is not necessary to discuss these authorities and to point out their scope and effect in the light of the recent decision of Howard v. Lebby, et al., 197 Ky. 324, for it is apparent from the petition that the action is based on a contract by which appellant agreed to pay to appellee $1,200.00 and refund his expenses if the latter would release his claim to prospective profits in a former partnership transaction. The requirements of section 4224 are therefore not involved.

It is also argued that the evidence does not support the averments of the petition, either as to the original contract by which, as appellee claims, he was to share in the profits of the venture, or as to the subsequent agreement, whereby he released his prospective profits. Appellant not only denies the existence of these contracts, but affirms that appellee was the agent of the vendor of the leases, and insists that the evidence sustains this contention.

The leases were sold in September of 1920. Appellee, assisted to some extent by R. G. Van, conducted the negotiations. Van later dropped out and Fitzgerald took the assignment of the leases in his own name. The record shows considerable correspondence between appellant and Chipman, beginning in the early part of October, 1920. In one of the earlier letters written by Chipman he stated to appellant that the agreement with Van was that he (Chipman) was to share in the profits. Later communications from him tend to show a second agreement by which he had released his interest in the prospective profits in consideration of appellant's agreeing to pay him $1,200.00 for his services, or, as he terms it, commissions. Appellant seeks to avoid the effect of these letters by saying that he was negotiating for a sale of the leases and he feared that if he became embroiled with appellee the latter would assert a lien on them and forestall his efforts to sell. We do not regard the explanation as efficacious, for not only did he fail to deny the truth of appellee's statements as to the contracts, but in responding to them promised to pay appellee a commission. The inferences to be drawn from the correspondence, together with the testimony of appellee, which in its main features is corroborated by Van, justified the court below in finding that under the original contract appellee was to share in the profits, and later surrendered his rights thereto in consideration of appellant's promise to pay him $1,200.00 and to reimburse him for the expenses incurred in obtaining the leases. The recovery of that amount was properly allowed and the judgment in respect thereto is affirmed.

The judgment is erroneous, however, in adjudging a lien on the leases in favor of appellee. The petition asked for an order of general attachment, but it does not appear that any attachment was issued or levied. Appellee surrendered his interest in the leases in considera-

tion of the new agreement. He therefore relinquished any claim that he had to an interest in the leases and was not entitled to a lien on them to satisfy his judgment.

For this reason the judgment as to the lien adjudged is reversed.